UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Civil Action No. 11-130 (SRC) |
| Plaintiff, : | |
| : | **AMENDED** |
| v. : | **OPINION & ORDER** |
| : | |
| MARION BALICE, : | |
| : | |
| Defendant. : | |

**CHESLER, U.S.D.J.**

This Court's Opinion and Order of May 31, 2011 is hereby amended as follows:

This matter comes before this Court on the motion to dismiss the Complaint for lack of jurisdiction and for failure to state a valid claim for relief, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), by Defendant Marion Balice ("Balice"). For the reasons stated below, the motion will be denied.

In brief, this case arises from a dispute between Plaintiff the United States of America (the "Government") and Defendant taxpayer, Balice, over income taxes for four tax years (1992, 1993, 1996, and 2001). Balice has moved to dismiss the Complaint on the ground that the statute of limitations has run on all the Government's claims.

Defendant first argues that, pursuant to 26 U.S.C. § 6502, the statute of limitations has run on the Government's claims for tax years 1992 and 1993. Defendant argues that, since the Complaint alleges that the assessment dates for tax years 1992 and 1993 were in 1994, and the Complaint was not filed until 2011, the ten-year period established by § 6502(a)(1) has run. Defendant does not, however, quote the full text of that statute, which states:

(a) Length of period. Where the assessment of any tax imposed by this title has

> been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun--
>   (1) within 10 years after the assessment of the tax, or
>   (2) if--
>     (A) there is an installment agreement between the taxpayer and the Secretary, prior to the date which is 90 days after the expiration of any period for collection agreed upon in writing by the Secretary and the taxpayer at the time the installment agreement was entered into; or
>     (B) there is a release of levy under section 6343 [26 USCS § 6343] after such 10-year period, prior to the expiration of any period for collection agreed upon in writing by the Secretary and the taxpayer before such release.

26 U.S.C. § 6502. Defendant's argument must fail because, to succeed on a motion to dismiss, Defendant needs to show that the alternative conditions stated in § 6502(a)(2) are negated by the allegations in the Complaint. Defendant has not shown that the allegations in the Complaint, taken as true, require dismissal of any claims under the full text of 26 U.S.C. § 6502.

Defendant next points to the three-year statute of limitations established by 26 U.S.C. § 6501, which requires that tax assessments be imposed within three years after the return at issue was filed. Defendant contends that the assessments for tax years 1996 and 2001 were imposed after the limitations period had run.

Defendant's argument fails because it depends on the truth of facts not alleged in the Complaint: the dates that Defendant's tax returns were filed. The Complaint alleges no facts as to the dates that returns were filed. The Supreme Court has stated:

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground . . .

Jones v. Bock, 549 U.S. 199, 215 (2007). Thus, a motion to dismiss on statute of limitations

grounds will be granted only if the allegations in the Complaint suffice to establish that ground. Here, they do not: Defendant relies on facts outside the Complaint, and the motion to dismiss must be denied.

For these reasons,

**IT IS** on this 31st day of May, 2011

**ORDERED** that Defendant's motion to dismiss the Complaint (Docket Entry No. 11) is **DENIED.**

                                                s/ Stanley R. Chesler  
                                         STANLEY R. CHESLER, U.S.D.J.